UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CH NOVI, LLC, d/b/a EMAGINE
NOVI, a Michigan limited liability
company,

    Plaintiff,

v.

SUN VALLEY, LTD., a
foreign limited partnership,

    Defendant.
_____/

Case No. 16-10297

Hon. John Corbett O'Meara

**OPINION AND ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the court are Defendant's motion for summary judgment, Plaintiff's motion to allow discovery, and Plaintiff's motion to file supplemental exhibits. The court heard oral argument on April 28, 2016, and took the matter under advisement.

**BACKGROUND FACTS**

This case involves a commercial landlord-tenant dispute. The tenant is Plaintiff CH Novi, LLC, which does business as Emagine Novi. The landlord is Defendant Sun Valley Ltd., which owns the shopping center at issue in Novi, Michigan. Sun Valley purchased the property after a foreclosure on January 19,

2011, and assumed the lease with Emagine Novi.

Plaintiff's complaint, filed January 28, 2016, alleges conversion and breach of contract. Plaintiff contends that Defendant overcharged it for common area maintenance ("CAM") and taxes over a period of several years and failed to provide annual summaries or reconciliations. Plaintiff also alleges that Defendant failed to maintain the common areas of the shopping center as required by the terms of the lease.

After Plaintiff filed its original complaint in August 2015, the parties agreed to an audit and Defendant paid Plaintiff approximately $320,000, representing CAM charges, taxes and insurance. Plaintiff dismissed the original complaint without prejudice. The parties ultimately failed to resolve the matter, so Plaintiff re-filed its complaint. Defendant seeks summary judgment in its favor, contending that Plaintiff cannot state a claim for conversion or breach of contract. Plaintiff asserts that it is entitled to judgment as a matter of law on its conversion claims and that discovery is needed in support of its breach of contract claim.

## LAW AND ANALYSIS

### I. Standard of Review

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."

Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the facts and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

## II. Conversion

Plaintiff presents both statutory and common law conversion claims. Common law conversion arises from "any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." Aroma Wines & Equip., Inc. v. Columbian Dist. Servs., Inc., 497 Mich. 337, 346 (2015). Common law conversion may be committed in various ways, including "intentionally dispossessing another of a chattel," "intentionally destroying or altering a chattel," using a chattel without authority to do so, disposing of or mis-delivering a chattel, or refusing to surrender it on demand. Id. (quoting 1 Restatement, Torts § 223).

Statutory conversion is set forth in M.C.L. 600.2919a, which defines it as "[a]nother person's stealing or embezzling property or converting property to the other person's own use." Id. A plaintiff alleging that someone converted property to his "own use" under the statute "must show that the defendant employed the

converted property for some purpose personal to the defendant's interests, even if that purpose is not the object's ordinarily intended purpose." Aroma Wines, 497 Mich. at 359.

When the property allegedly converted is money, the analysis is more specific, to distinguish the tort of conversion from a breach of contract claim. To support an action for conversion of money, the defendant "must have obtained the money without the owner's consent to the creation of a debtor-creditor relationship" and "must have had an obligation to return the specific money entrusted to his care." Lawsuit Financial, L.L.C. v. Curry, 261 Mich. App. 579, 591 (2004). "It is clear that when the dispute is over moneys owed, conversion is only applicable in cases involving money that is the property of one party but held by another party (e.g. bank accounts, trust, etc.) which is then wrongfully taken." Sudden Serv., Inc. v. Brockman Forklifts, Inc., 647 F. Supp.2d 811, 815-16 (E.D. Mich. 2008).

A conversion claim "cannot be brought where the property rights alleged to have been converted arises entirely from the [plaintiff's] contractual rights." Llewellyn-Jones v. Metro Property Group, LLC, 22 F. Supp.3d 760, 788 (E.D. Mich. 2014) (citation omitted). However, it "is possible for a party's conduct to result in both a breach of contract and a tort for common law conversion[,] so long

as the defendant's conduct constituted a breach of duty separate and distinct from the breach of contract." Id. (citation omitted). See also Brock v. Consolidated Biomedical Labs., 817 F.2d 24, 25 (6th Cir. 1987) ("[T]he law in Michigan is well-settled that an action in tort requires a breach of duty separate and distinct from a breach of contract.").

In this case, Plaintiff alleges that Defendant converted its funds when Defendant overcharged it for CAM, insurance, and taxes under the lease and failed to refund the overpayments. Plaintiff does not allege a duty separate from the parties' contract, however. See id. (allegation that "defendants did not live up to their property management obligations" did not state a claim for conversion). Nor does Plaintiff allege that the funds were initially obtained without its consent. Curry, 261 Mich. App. at 591-92 (no conversion claim when plaintiff failed to allege that defendant's "initial exercise of domain over the property [money] was in fact wrongful"). For these reasons, Plaintiff cannot state common law or statutory conversion claims. See also AKB Wireless, Inc. v. Wireless Toyz Franchise, LLC, 2015 WL 8769964 at *6 (E.D. Mich. Dec. 15, 2015) (no conversion claim "when the claim was based upon funds held pursuant to a contract and where the conversion claim was not based on some duty independent of the contract"); Sudden Service, 647 F. Supp. 2d at 816 ("Because Plaintiff's

cause of action arises from the breach of contract (and not the appropriation of specific funds in violation of a separate legal duty), Plaintiff's conversion claim fails."); Leger v. Image Data Sys., 2002 WL 1463555 (Mich. App. 2002) ("[A]ny time one party is found to have owed another some money following a protracted dispute, the first has converted the amount owed. Such a scenario, however, is far too broad to be encompassed by the tort of conversion.").

### III. Breach of Contract

Plaintiff claims that Defendant and its predecessor breached the lease (Exhibit A) by failing (1) to provide annual summaries or reconciliations; (2) to remit credits for excessive CAM payments; and (3) to maintain common areas in first class condition and good repair. Defendant responds that (1) Plaintiff cannot sustain a claim for successor liability; (2) any claim for breach of contract by the prior owner is barred by the statute of limitations; and (3) Plaintiff cannot state a breach of contract claim because Defendant cured any breach and maintained the property in first class condition.

Given that the parties have not engaged in discovery, Defendant's motion on this issue is largely premature. Essentially, Defendant disagrees with Plaintiff's allegations that it breached the contract, but it has not demonstrated that there are no genuine issues of material fact and that it is entitled to judgment as a matter of

law.  For example, the parties dispute whether Defendant maintained the shopping center as required by the lease and whether Plaintiff suffered damages from the alleged lack of maintenance.  See Pl.'s Exs. 4, 5, 20.  Defendant contends that it has resolved any maintenance issues; Plaintiff disagrees and has submitted affidavits and photographs in support. See id.; Pl.'s Supplemental Exs.

Because there are disputed issues and the parties have not conducted discovery, the court will consider all of the contract issues, including successor liability, after the parties have had an opportunity to flesh out the record and the contours of Plaintiff's claim are more clearly defined.  The court will deny Defendant's motion with respect to Plaintiff's contract claim.

## ORDER

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.

IT IS FURTHER ORDERED that Plaintiff's motions to allow discovery and to file supplemental exhibits are GRANTED.

                                       s/John Corbett O'Meara
                                       United States District Judge

Date:  May 2, 2016

     I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 2, 2016, using the ECF system.

                                        <u>s/William Barkholz</u>
                                        Case Manager